CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT

State of Illinois )
) SS
County of ST. CLAIR )

Case Number: 20-L- 0833
Amount Claimed: > $50,000.00

| JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR, | vs. KCI CONSTRUCTION, THOMAS INDUSTRIAL COATINGS, and D&K WELDING, INC. |
|---|---|
| Plaintiff(s) | Defendant(s) |

Pltf. Atty. Jason Caraway
Address: 9423 West Main St.
City Belleville, IL 62223
Phone number: 618-398-3111

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME: KCI CONSTRUCTION,
c/o L. Kevin Vick, Registered Agent
ADDRESS: 12 Wolf Creek Dr., Ste 100

CITY & STATE: Belleville, IL 62226

To the above named defendant(s)…..

☐ A. You are hereby summoned and required to appear before this court at _____ at _____ M. On _____, 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the Complaint.

☒ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____, 20__

_____
Clerk of Court

BY DEPUTY: _____

Date of Service: _____, 20 __
(To be inserted by officer on copy left with defendant or other person)

SEAL  KAHALAH A. CLAY, Circuit Clerk
10/27/2020
Elysia Agne

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0833
St. Clair County
10/27/2020 11:05 AM
10919148

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., <br><br> Plaintiff; <br><br> v. <br><br> KCI CONSTRUCTION, <br><br> Defendant, <br><br> THOMAS INDUSTRIAL COATINGS, <br><br> Defendant, <br><br> D&K WELDING, INC. <br><br> Defendant. | Case No.: 20-L-0833 |

### COMPLAINT

Now comes the Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR, by their attorneys, CARAWAY, FISHER & BROOMBAUGH P.C., and for their COMPLAINT against the Defendants, state as follows:

### COUNT I
**(Survival Action – JACQUELYNN DAVIS and ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. KCI CONSTRUCTION)**

For their complaint against the Defendant, KCI CONTRUCTION, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1. That at all times relevant hereto, Plaintiffs were residents of St. Clair County, Illinois.

1

2. That RICARDO DAVIS SR., deceased, died on October 27, 2018 in St. Clair County, Illinois.

3. That Romero Davis and Jacquelynn Davis petitioned for Letters of Office with the same being issued and an Order has been entered, appointing them as the Independent Administrators of the Estate of RICARDO DAVIS SR.

4. That at all times relevant hereto, the Defendant, KCI CONTRUCTION (hereinafter referred to as "KCI"), was a limited liability company duly organzied under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

5. That at all times relevant hereto, Defendant, THOMAS INDUSTRIAL COATINGS, (hereinafter referred to as "TIC"), was a limited liability company duly organized under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

6. That at all times relevant hereto, the Defendant, D&K WELDING, INC. (hereinafter referred to as D&K), was a limited liability company duly organzied under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, State Clair County.

7. That at or about 3:00 p.m. C.S.T. on or about October 27, 2018, RICARDO DAVIS SR., deceased, was in pursuit of suspects in the line of duty as a Washington Park Auxiliary police officer and fell through an opening in the Poplar Street Bridge in St. Clair County, Illinois, causing his death.

8. That at said time and date, the bridge was under construction.

2

9. That at said time and date, the construction was being performed by defendants KCI, TIC, and D&K.

10. That at the said time and place, the defendant, KCI was working under a construction contract with the State of Missouri to perform work on the bridge.

11. That at the same time and date, the defendant, KCI, owed a contractual duty to maintain a safe work site.

12. That at the same time and date, the defendant, KCI, owed a common law duty to maintain a safe work site.

13. That for the construction on the bridge, KCI subcontracted work to TIC and D&K.

14. That at the same time and place, KCI retained control over the construction through its contract with the State of Missouri.

15. That at the same time and place, KCI retained control over the construction by the actions of its own agents; employees, or servants, directing the means and methods of the construction project.

16. That at said time and place, Defendant, KCI, by and through its agents and/or employees, violated its duty to decedent, RICARDO DAVIS SR., and was guilty of one, more than one or all of the following negligent acts or omissions:

    a. Negligently failed to maintain a safe construction site and maintain the site and surrounding premises in a safe condition, when it knew or should have known this posed a danger to the deceased and others;

    b. Negligently failed to provide proper safety oversight on the construction project in question, when it knew or should have known this posed a danger to the deceased and others;

    c. Negligently failed to warn the deceased and others of the hazardous conditions present on the construction site, when it knew or should have known this posed a danger to the deceased and others;

    d. Negligently stored its equipment in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

    e. Negligently failed to supervise its employees in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

    f. Negligently failed to stop work at the construction site, when it knew or should have known this caused a danger to the deceased and others;

    g. Negligently violated safety standards in the above respects and in other respects as they pertain to the death of the decedent, when it knew or should have known this posed a danger to the decedent and others.

17. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, KCI, the decedent, RICARDO DAVIS SR., fell to his death, and decedent, RICARDO DAVIS SR., sustained numerous, severe, disabling, disfiguring and fatal injuries to his body and suffered physical and mental anguish; that decedent, RICARDO DAVIS SR., incurred and became liable for medical attention, care, treatment and services in an effort to be cured of said injuries; decedent, RICARDO DAVIS SR., was unable to perform his activities as he had in the past, all of the foregoing damages being to the harm and injury of said decedent, RICAROD DAVIS SR., in a substantial sum of money.

18. That this is a survivorship action brought pursuant to 755 ILCS 5/27-6, known as the Illinois Survival Statute, for RICARDO DAVIS SR.'s personal injuries sustained as a result of the October 27, 2018 incident and for which he would have been entitled to bring an action as a result of KCI's negligence had he survived, and this right of action survives him.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against

Defendant, KCI, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

## COUNT II
### (Wrongful Death Action – JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. KCI CONSTRUCTION)

For their complaint against the Defendant, KCI, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1-17. Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., replead and reallege the allegations set forth in Paragraphs 1 through 17 of Count I as Paragrahps 1 through 17 of this Count II and incorporates them by reference as if fully set forth herein.

18. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, KCI, sustained fatal injuries to his body.

20. That RICARDO DAVIS SR. left surviving next of kin, including, but not limited to, the following individuals:

    a)    JACQUELYNN DAVIS, adult daughter

    b)    RICARDO DAVIS, JR., adult son

    c)    BRIYAN DAVIS, adult son

    d)    RYLAN DAVIS, a minor son

    e)    RICKYIAH DAVIS, a minor daughter

    f)    MARIAH DAVIS, a minor daughter

21. That the plaintiffs bring this action pursuant to the provision of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

22. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the defendant, KCI, the decedent's next of kin suffered injuries that include, but are not limited to, past and future pecuniary loss, loss of money, loss of benefits, loss of goods, loss of services and loss of society, all of the foregoing damages being to the harm and injury of said next of kin in a substantial sum of money.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, KCI, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

## COUNT III
### (Wrongful Death Action – JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. KCI CONSTRUCTION)

For their complaint against the Defendant, KCI, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1-15. Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., replead and reallege the allegations set forth in Paragraphs 1 through 15 of Count I as Paragrahps 1 through 15 of this Count III and incorporates them by reference as if fully set forth herein.

16. That prior to the accident, there was in force and effect Section 414 of the Second Restatement of Torts, which provides that if a general contractor controls operative details of the

work done by its subcontractors, it assumes an agency role and therefore a duty to maintain a safe construction site and to protect others from the acts and/or omissions of its subcontractors.

17. That at said time and place, Defendant, KCI, by and through its subcontractor's acts and/or omissions violated its duty to decedent, RICARDO DAVIS SR., who were guilty of one, more than one or all of the following negligent acts or omissions:

   a. Negligently failed to maintain a safe construction site and maintain the site and surrounding premises in a safe condition, when it knew or should have known this posed a danger to the deceased and others;

   b. Negligently failed to provide proper safety oversight on the construction project in question, when it knew or should have known this posed a danger to the deceased and others;

   c. Negligently failed to warn the deceased and others of the hazardous conditions present on the construction site, when it knew or should have known this posed a danger to the deceased and others;

   d. Negligently stored its equipment in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

   e. Negligently failed to supervise its employees in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

   f. Negligently failed to stop work at the construction site, when it knew or should have known this caused a danger to the deceased and others;

   g. Negligently violated safety standards in the above respects and in other respects as they pertain to the death of the decedent, when it knew or should have known this posed a danger to the decedent and others.

18. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, KCI, the decedent, RICARDO DAVIS SR., fell to his death, and decedent, RICARDO DAVIS SR., sustained numerous, severe, disabling, disfiguring and fatal injuries to his body and suffered physical and mental anguish; that decedent, RICARDO DAVIS SR., incurred and became liable for medical attention, care,

7

treatment and services in an effort to be cured of said injuries; decedent, RICARDO DAVIS SR., was unable to perform his activities as he had in the past, all of the foregoing damages being to the harm and injury of said decedent, RICAROD DAVIS SR., in a substantial sum of money.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, KCI, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

### COUNT IV
**(Survival Action – JACQUELYNN DAVIS and ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. THOMAS INDUSTRIAL COATINGS)**

For their complaint against the Defendant, THOMAS INDUSTRIAL COATINGS, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1. That at all times relevant hereto, Plaintiffs were residents of St. Clair County, Illinois.

2. That RICARDO DAVIS SR., deceased, died on October 27, 2018 in St. Clair County, Illinois.

3. That Romero Davis and Jacquelynn Davis petitioned for Letters of Office with the same being issued and an Order has been entered, appointing them as the Independent Administrators of the Estate of RICARDO DAVIS SR.

4. That at all times relevant hereto, the Defendant, KCI CONSTRUCTION COATINGS (hereinafter referred to as "KCI"), was a limited liability company duly organzied under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

5. That at all times relevant hereto, Defendant, THOMAS INDUSTRIAL COATINGS, (hereinafter referred to as "TIC"), was a limited liability company duly organized under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

6. That at all times relevant hereto, the Defendant, D&K WELDING, INC. (hereinafter referred to as D&K), was a limited liability company duly organzied under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, State Clair County.

7. That at or about 3:00 p.m. C.S.T. on or about October 27, 2018, RICARDO DAVIS SR., deceased, was in pursuit of suspects in the line of duty as a Washington Park Auxiliary police officer and fell through an opening in the Poplar Street Bridge in St. Clair County, Illinois, causing his death.

8. That at said time and date, the bridge was under construction.

9. That at said time and date, the construction was being performed by defendants KCI, TIC, and D&K.

10. That at the said time and place, the defendant, TIC was working under a construction contract with the State of Missouri to perform work on the bridge.

11. That at the same time and date, the defendant, TIC, owed a contractual duty to maintain a safe work site.

12. That at the same time and date, the defendant, TIC, owed a common law duty to maintain a safe work site.

13. That for the construction on the bridge, KCI subcontracted work to TIC and D&K.

14. That at the same time and place, TIC retained control over the construction through its contract with the State of Missouri.

15. That at the same time and place, TIC retained control over the construction by the actions of its own agents; employees, or servants, directing the means and methods of the construction project.

16. That at said time and place, Defendant, TIC, by and through its agents and/or employees, violated its duty to decedent, RICARDO DAVIS SR., and was guilty of one, more than one or all of the following negligent acts or omissions:

- h. Negligently failed to maintain a safe construction site and maintain the site and surrounding premises in a safe condition, when it knew or should have known this posed a danger to the deceased and others;

- i. Negligently failed to provide proper safety oversight on the construction project in question, when it knew or should have known this posed a danger to the deceased and others;

- j. Negligently failed to warn the deceased and others of the hazardous conditions present on the construction site, when it knew or should have known this posed a danger to the deceased and others;

- k. Negligently stored its equipment in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

- l. Negligently failed to supervise its employees in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

- m. Negligently failed to stop work at the construction site, when it knew or should have known this caused a danger to the deceased and others;

- n. Negligently violated safety standards in the above respects and in other respects as they pertain to the death of the decedent, when it knew or should have known this posed a danger to the decedent and others.

17. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, TIC, the decedent, RICARDO DAVIS

10

SR., fell to his death, and decedent, RICARDO DAVIS SR., sustained numerous, severe, disabling, disfiguring and fatal injuries to his body and suffered physical and mental anguish; that decedent, RICARDO DAVIS SR., incurred and became liable for medical attention, care, treatment and services in an effort to be cured of said injuries; decedent, RICARDO DAVIS SR., was unable to perform his activities as he had in the past, all of the foregoing damages being to the harm and injury of said decedent, RICAROD DAVIS SR., in a substantial sum of money.

18.    That this is a survivorship action brought pursuant to 755 ILCS 5/27-6, known as the Illinois Survival Statute, for RICARDO DAVIS SR.'s personal injuries sustained as a result of the October 27, 2018 incident and for which he would have been entitled to bring an action as a result of TIC's negligence had he survived, and this right of action survives him.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, TIC, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

### COUNT V
### (Wrongful Death Action – JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. THOMAS INDUSTRIAL COATINGS)

For their complaint against the Defendant, TIC, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1-17.   Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., replead and reallege the allegations set forth in Paragraphs 1 through 17 of Count IV as Paragraphs 1 through 17 of this Count V and incorporates them by reference as if fully set forth herein.

11

18. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, TIC, decedent sustained fatal injuries to his body.

19. That RICARDO DAVIS SR. left surviving next of kin, including, but not limited to, the following individuals:

    a) JACQUELYNN DAVIS, adult daughter

    b) RICARDO DAVIS, JR., adult son

    c) BRIYAN DAVIS, adult son

    d) RYLAN DAVIS, a minor son

    e) RICKYIAH DAVIS, a minor daughter

    f) MARIAH DAVIS, a minor daughter

20. That the plaintiffs bring this action pursuant to the provision of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

21. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the defendant, TIC, the decedent's next of kin suffered injuries that include, but are not limited to, past and future pecuniary loss, loss of money, loss of benefits, loss of goods, loss of services and loss of society, all of the foregoing damages being to the harm and injury of said next of kin in a substantial sum of money.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, TIC, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

## COUNT VI
### (Survival Action – JACQUELYNN DAVIS and ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. D&K WELDING INC.)

For their complaint against the Defendant, D&K WELDING INC., Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1. That at all times relevant hereto, Plaintiffs were residents of St. Clair County, Illinois.

2. That RICARDO DAVIS SR., deceased, died on October 27, 2018 in St. Clair County, Illinois.

3. That Romero Davis and Jacquelynn Davis petitioned for Letters of Office with the same being issued and an Order has been entered, appointing them as the Independent Administrators of the Estate of RICARDO DAVIS SR.

4. That at all times relevant hereto, the Defendant, KCI CONSTRUCTION COATINGS (hereinafter referred to as "KCI"), was a limited liability company duly organzied under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

5. That at all times relevant hereto, Defendant, THOMAS INDUSTRIAL COATINGS, (hereinafter referred to as "TIC"), was a limited liability company duly organized under the laws of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, St. Clair County.

6. That at all times relevant hereto, the Defendant, D&K WELDING, INC. (hereinafter referred to as D&K), was a limited liability company duly organzied under the laws

of the State of Missouri, authorized to do business in the State of Illinois and was conducting business in the State of Illinois, State Clair County.

7. That at or about 3:00 p.m. C.S.T. on or about October 27, 2018, RICARDO DAVIS SR., deceased, was in pursuit of suspects in the line of duty as a Washington Park Auxiliary police officer and fell through an opening in the Poplar Street Bridge in St. Clair County, Illinois, causing his death.

8. That at said time and date, the bridge was under construction.

9. That at said time and date, the construction was being performed by defendants KCI, TIC, and D&K.

10. That at the said time and place, the defendant, D&K was working under a construction contract with the State of Missouri to perform work on the bridge.

11. That at the same time and date, the defendant, D&K, owed a contractual duty to maintain a safe work site.

12. That at the same time and date, the defendant, D&K, owed a common law duty to maintain a safe work site.

13. That for the construction on the bridge, KCI subcontracted work to TIC and D&K.

14. That at the same time and place, D&K retained control over the construction through its contract with the State of Missouri.

15. That at the same time and place, D&K retained control over the construction by the actions of its own agents; employees, or servants, directing the means and methods of the construction project.

16. That at said time and place, Defendant, D&K, by and through its agents and/or employees, violated its duty to decedent, RICARDO DAVIS SR., and was guilty of one, more than one or all of the following negligent acts or omissions:

    o. Negligently failed to maintain a safe construction site and maintain the site and surrounding premises in a safe condition, when it knew or should have known this posed a danger to the deceased and others;

    p. Negligently failed to provide proper safety oversight on the construction project in question, when it knew or should have known this posed a danger to the deceased and others;

    q. Negligently failed to warn the deceased and others of the hazardous conditions present on the construction site, when it knew or should have known this posed a danger to the deceased and others;

    r. Negligently stored its equipment in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

    s. Negligently failed to supervise its employees in a way that caused danger to the deceased and to others, when it knew or should have known this posed a danger to the deceased and to others;

    t. Negligently failed to stop work at the construction site, when it knew or should have known this caused a danger to the deceased and others;

    u. Negligently violated safety standards in the above respects and in other respects as they pertain to the death of the decedent, when it knew or should have known this posed a danger to the decedent and others.

17. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, D&K, the decedent, RICARDO DAVIS SR., fell to his death, and decedent, RICARDO DAVIS SR., sustained numerous, severe, disabling, disfiguring and fatal injuries to his body and suffered physical and mental anguish; that decedent, RICARDO DAVIS SR., incurred and became liable for medical attention, care, treatment and services in an effort to be cured of said injuries; decedent, RICARDO DAVIS SR.,

was unable to perform his activities as he had in the past, all of the foregoing damages being to the harm and injury of said decedent, RICAROD DAVIS SR., in a substantial sum of money.

18. That this is a survivorship action brought pursuant to 755 ILCS 5/27-6, known as the Illinois Survival Statute, for RICARDO DAVIS SR.'s personal injuries sustained as a result of the October 27, 2018 incident and for which he would have been entitled to bring an action as a result of D&K's negligence had he survived, and this right of action survives him.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, D&K, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

## COUNT VII
### (Wrongful Death Action – JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR. v. D&K WELDING INC.)

For their complaint against the Defendant, D&K, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., state as follows:

1-17. Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., replead and reallege the allegations set forth in Paragraphs 1 through 17 of Count VI as Paragraphs 1 through 17 of this Count VII and incorporates them by reference as if fully set forth herein.

18. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the Defendant, D&K, decedent sustained fatal injuries to his body.

19. That RICARDO DAVIS SR. left surviving next of kin, including, but not limited to, the following individuals:

    a)     JACQUELYNN DAVIS, adult daughter

    b)     RICARDO DAVIS, JR., adult son

    c)     BRIYAN DAVIS, adult son

    d)     RYLAN DAVIS, a minor son

    e)     RICKYIAH DAVIS, a minor daughter

    f)     MARIAH DAVIS, a minor daughter

20. That the plaintiffs bring this action pursuant to the provision of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

21. That as a direct and proximate result of one, more than one or all of the aforesaid negligent acts or omissions on the part of the defendant, D&K, the decedent's next of kin suffered injuries that include, but are not limited to, past and future pecuniary loss, loss of money, loss of benefits, loss of goods, loss of services and loss of society, all of the foregoing damages being to the harm and injury of said next of kin in a substantial sum of money.

WHEREFORE, Plaintiffs, JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., pray judgment against Defendant, D&K, in an amount in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00), plus costs of suit.

Submitted By: /s/ JASON R. CARAWAY, #6291446
Caraway, Fisher & Broombaugh, P.C
9423 West Main Street
Belleville, IL 62223
T: (618) 398-3111/ F: (618) 398-3776
jcaraway@lawcfb.com
***Attorney for the Estate of Ricardo Davis Sr.***

17

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
20L0833
St. Clair County
10/27/2020 11:05 AM
10919148

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., <br><br> Plaintiffs; <br><br> v. <br><br> KCI CONSTRUCTION, <br><br> Defendant, <br><br> THOMAS INDUSTRIAL COATINGS, <br><br> Defendant, <br><br> D&K WELDING, INC. <br><br> Defendant. | Case No.: 20-L-0833 |

## AFFIDAVIT

Comes now CARAWAY, FISHER & BROOMBAUGH, P.C., attorneys for JACQUELYNN DAVIS AND ROMERO DAVIS, Independent Administrators of the Estate of RICARDO DAVIS SR., Plaintiff herein, and state, under oath, that:

1. They are the attorneys for Plaintiffs in this cause.

2. That the Plaintiff herein is seeking damages in excess of $50,000.00, plus costs. **[L case]**

Dated this 27th day of October, 2020.

                                                 s/ JASON R. CARAWAY
                                                 JASON R. CARAWAY, #6291446
                                                 Caraway, Fisher & Broombaugh, P.C.
                                                 9423 West Main Street
                                                 Belleville, Illinois 62223
                                                 618/398-3111
                                                 jcaraway@lawcfb.com

## VERIFICATION

I, JASON R. CARAWAY, affiant above, do hereby state, under oath, that those matters set forth hereinabove are true and correct to the best of my belief.

_____
JASON R. CARAWAY

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF ST. CLAIR    )

Signed and sworn to before me this _____ day of _October_____, 20___.

_____
Notary Public

OFFICIAL SEAL
PAMELA H. BITTICK
Notary Public - State of Illinois
My Commission Expires May 15, 2021