IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUELINE DAVIS AND ROMERO DAVIS, *Independent Administrators of the Estate of Ricardo Davis, Sr., deceased*,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>KCI CONSTRUCTION, D&K WELDING, )<br>AND THOMAS INDUSTRIAL COATINGS, )<br>)<br>Defendants.  ) | Case No.   20-cv-1266-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiffs Jacqueline Davis and Romero Davis bring this action as independent administrators of the estate of Ricardo Davis Sr.  Plaintiffs allege Defendants' negligence caused Ricardo Davis, Sr. to sustain fatal injuries.  Defendants removed this action on November 24, 2020 based on diversity.

Now before the Court are Motions to Dismiss filed by all Defendants (Docs. 4, 9, and 19). Plaintiffs did not respond.  For the reasons set forth below, the Motions are **GRANTED IN PART**.

**Relevant Background**

In their complaint, Plaintiffs allege that Ricardo Davis Sr., while in the line of duty as a Washington Park auxiliary police officer and in pursuit of suspects, fell through an opening in the Poplar Street Bridge in St. Clair County, Illinois, causing his death.  At the time of Davis' death, the bridge was under construction being performed by Defendants KCI Construction ("KCI"), D&K Welding ("D&K"), and Thomas Industrial Coatings ("TIC").  Plaintiffs allege Defendants

owed both a common law and contractual duty to maintain a safe work site, but failed to do so. Accordingly, Plaintiffs bring survival actions under 755 ILCS 5/27-6, and wrongful death actions under 740 ILCS 180/1, *et seq.* and common law against each Defendant.

In response to Plaintiffs' complaint, Defendants seek dismissal on all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting Plaintiffs' complaint fails to state a claim for common law negligence or breach of a contractual duty[1]. Plaintiffs have not responded to Defendants' motions.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As indicated by Defendants, Plaintiffs' claims rest on allegations of negligence by Defendants. A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001). To state

---

[1] Defendants KCI and D&K invoke similar, but not identical arguments. Defendant TIC indicates it incorporates the arguments and legal authorities set forth in KCI's motion to dismiss; thereby setting forth identical arguments. The Court will identify any material differences in the arguments in the discussion portion of this Order, as necessary.

a cause of action for negligence under Illinois state law, a plaintiff must plead: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140 (Ill. 1990).

With regard to duty, Defendants contend Plaintiffs have pled no facts that establish a relationship between the parties that gives rise to a duty of care. In determining whether a legal duty is owed, the court must consider whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Id.* at 140. Factors that inform the court's determination include the reasonable foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant. *Id.* Here, Defendants complain that Plaintiffs merely allege Defendants were engaged in work on the Poplar bridge, but argue that just because work is being done at a particular site does not mean liability is automatically conveyed because an injury occurs in the vicinity of the work. The Court agrees. In reviewing the allegations in the Complaint, it is impossible to find that Plaintiffs have pled sufficient facts to establish that Defendants owed a duty under common law. Notably, there is no indication that Mr. Davis' injury was foreseeable or likely, nor is there any allegation as to the burden or guarding against such injury. Further, Plaintiffs have failed to identify the relationship between Mr. Davis and Defendants, which would further inform what duty was required.

Further, with regard to a contractual duty, Plaintiffs plead only that D&K, TIC, and KCI were working under a construction contract with the State of Missouri. Plaintiffs did not provide a copy of this contract, nor did they set forth any allegation demonstrating that Defendants' alleged contractual duty to maintain a safe work site extended to Mr. Davis.

Defendants also argue there was no dangerous condition. More specifically, Defendants KCI and TIC argue that insofar as Plaintiffs seemingly attempt to invoke the duty of a possessor of land, Plaintiffs would need to allege the presence of a dangerous condition, that the entrant would not discover or realize, and that the possessor failed to exercise reasonable care to protect against the danger. *See Buchelers v. Chicago Park Dist.*, 665 N.E.2d 826, 834 (Ill. 1996). The allegations here do not substantiate such a finding.

Finally, the bare allegations of the complaint fail to satisfy the requirement of proximate cause necessary to sustain Plaintiffs' claims. Defendants correctly argue there is no allegation linking their work on the construction site to Mr. Davis' injury as there is no allegation that Mr. Davis' fall through an opening was even related to their construction on the bridge.

## Conclusion

Based on the foregoing, Defendants' Motions to Dismiss (Docs. 4, 9, and 19) are **GRANTED IN PART**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Plaintiffs leave to file a new complaint in this matter that cures the deficiencies noted above. Plaintiffs shall have up to and including **February 18, 2021**, to file said complaint. If the amended complaint fails to cure the noted deficiencies, the Court may dismiss this matter with prejudice.

**IT IS SO ORDERED.**

**DATED: January 19, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**