IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUELINE DAVIS AND ROMERO DAVIS, *Independent Administrators of the Estate of Ricardo Davis, Sr., deceased*, <br><br> Plaintiffs, <br><br> v. <br><br> KCI CONSTRUCTION, D&K WELDING, AND THOMAS INDUSTRIAL COATINGS, <br><br> Defendants. | Case No.   20-cv-1266-RJD |

**ORDER**

**DALY, Magistrate Judge:**

  Plaintiffs Jacqueline Davis and Romero Davis bring this action as independent administrators of the estate of Ricardo Davis Sr. Plaintiffs allege Defendants' negligence caused Ricardo Davis, Sr. to sustain fatal injuries. Defendants removed this action on November 24, 2020 based on diversity. On January 19, 2021, the undersigned granted in part Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed Plaintiffs' complaint without prejudice. Plaintiffs were granted leave to file an amended complaint. Said amended complaint was timely filed on February 18, 2021 (*see* Doc. 37).

  Defendants have again filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) that are now before the Court (Docs. 38, 40, and 42). For the reasons set forth below, the Motions are **DENIED**.

**<u>Relevant Background</u>**

  In their complaint, Plaintiffs allege that Ricardo Davis Sr., while in the line of duty as a Washington Park auxiliary police officer and in pursuit of suspects, fell through an opening in the

Poplar Street Bridge in St. Clair County, Illinois, causing his death. At the time of Davis' death, the bridge was under construction being performed by Defendants KCI Construction ("KCI"), D&K Welding ("D&K"), and Thomas Industrial Coatings ("TIC"). Plaintiffs allege Defendants owed both a common law and contractual duty to maintain a safe work site, but failed to do so. Accordingly, Plaintiffs bring survival actions under 755 ILCS 5/27-6, and wrongful death actions under 740 ILCS 180/1, *et seq.* against each Defendant.

In response to Plaintiffs' complaint, Defendants seek dismissal on all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting Plaintiffs' complaint fails to state a claim[1]. Plaintiffs timely responded to Defendants' motions.

## Discussion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As indicated by Defendants, Plaintiffs' claims rest on allegations of negligence by

---

[1] Defendants set forth similar, but not identical arguments. For the sake of efficiency, the Court does not set forth each Defendant's argument with particularity, but generally addresses the issues set forth in Defendants' briefs.

Defendants. A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001). To state a cause of action for negligence under Illinois state law, a plaintiff must plead: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140 (Ill. 1990).

With regard to duty, Defendants contend Plaintiffs have again failed to plead facts that establish a relationship between the parties that gives rise to a duty of care. Defendants generally assert that Plaintiffs fail to allege any relationship between Ricardo Davis Sr. and Defendants, and have not alleged how Defendants' contractual duty to maintain a safe work site extended to Mr. Davis.

In determining whether a legal duty is owed, the court must consider whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Id*. Factors that inform the court's determination include the reasonable foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant. *Id.* at 140-41. Here, Defendants complain that Plaintiffs merely allege Defendants were engaged in work on the Poplar bridge, but argue that just because work is being done at a particular site does not mean liability is automatically conveyed because an injury occurs in the vicinity of the work.

Although Plaintiffs' proposed amendments may be minimal, they are sufficient to allege Defendants owed a duty of care to Mr. Davis. Plaintiffs' amended complaint asserts that Mr. Davis fell through an opening on the Poplar Street Bridge. At the time of the fall, the bridge was under construction being performed by Defendants who allegedly failed to maintain a safe

construction site that included dangers such as the risk of falling from the bridge. Based on the allegations in the amended complaint, and making reasonable inferences in Plaintiffs' favor, as the Court must do at this stage in the proceedings, *see Stayart v. Yahoo! Inc.*, 623 F.3d 436, 438 (7th Cir. 2010), it is reasonable to infer that Mr. Davis fell from an area within or in the vicinity of Defendants' construction site.

In order to establish a duty owed to Mr. Davis by Defendants, Plaintiffs cite *Ross v. Aryan Int'l, Inc.*, in which the court remarked that a "general contractor owes a duty to persons who might reasonably be expected to come upon the premises or be in the vicinity of the construction site to keep the site safe and to see that adequate safeguards are furnished to protect against foreseeable injuries." 580 N.E.2d 937, 944 (Ill. App. Ct. 1991). Defendants KCI and TIC contend that *Aryan* does little to assist Plaintiffs as *Aryan* determined a general contractor was liable for injuries to a plaintiff caused by a metal beam protruding from the dust barrier of the construction site and here, no similar dangerous condition created by Defendants is alleged. Defendants' attempt to distinguish *Aryan* misses the mark. First, *Aryan* supports the proposition that entities like Defendants have a duty of care to persons who are "reasonably" expected to come upon the vicinity of the construction site. Defendants do not directly address this assertion. Further, Plaintiffs allege Defendants failed to take various actions to ensure there was not a dangerous condition, including the risk of falling from the bridge. Thus, a reasonable inference is that Defendants' purported inaction or omission created a dangerous condition similar to the defendant in *Aryan*.

Defendants also argue that Plaintiffs failed to address the issue of foreseeability and proximate cause. Again, while the allegations are sparse, the Court must make all reasonable inferences in favor of Plaintiffs and finds that the pleaded negligent acts or omissions allegedly

taken by Defendants in relation to fall risks on the construction site adequately address foreseeability and proximate cause.  In this vein, the Court also finds that Plaintiffs adequately pled duty under a contract theory because a contracting party owes a duty of care to third parties that may foreseeably be injured by the contracting party's breach.  *See Codan Forsikring A/S v. ConGlobal Industries, Inc.*, 315 F.Supp.3d 1085, 1096 n.8 (N.D. Ill. June 4, 2018).  While the Court notes Plaintiffs' failure to specifically cite to the contract, they are not required to plead evidence, *see Woods v. Foster*, 884 F.Supp. 1169, 1176 (N.D. Ill. Jan. 4, 1995), and they have not engaged in discovery of this matter that would likely allow them to obtain relevant contracts.

## Conclusion

Based on the foregoing, Defendants' Motions to Dismiss (Docs. 38, 40, and 42) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 18, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**